IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MOISE METELLUS,

      Plaintiff,

      v.

BANK OF AMERICA, N.A., and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.,

      Defendants.

CIVIL ACTION FILE

1:12-CV-01947-CC-GGB

## FINAL REPORT AND RECOMMENDATION

      This wrongful foreclosure action is before the Court on the joint motion to dismiss [Doc. 5] filed by the defendants, Bank of America, N.A. ("BOA") and Mortgage Electronic Registration System, Inc. ("MERS") (collectively, "Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Moise Metellus ("Plaintiff") is proceeding in this matter *pro se*. In response to Defendants' motion to dismiss, Plaintiff has filed a "Motion to Strike the Motion to Dismiss" [Doc. 8], which the Court will construe as a response in opposition to Defendants' motion to dismiss.

      For the following reasons, I recommend that Defendants' motion to dismiss [Doc. 5] be granted in its entirety.

# I. FACTUAL AND PROCEDURAL BACKGROUND

All of Plaintiff's claims in this action arise out of a residential mortgage loan that Plaintiff obtained on April 21, 2006 to purchase the real property located at 1878 Brackendale Road, N.W., Kennesaw, Georgia, 30152 (the "Property"). The warranty deed evidencing the purchase of the Property is recorded at Deed Book 14320, Page 264, in the Cobb County, Georgia property records. [Doc. 5-2 at 1, "Warranty Deed"]. To finance the purchase of the subject Property, Plaintiff obtained the loan that gives rise to this action ("Loan") from Primary Capital Advisors, LC ("PCA" or "Lender"). As part of the Loan transaction, Plaintiff executed a promissory note (the "Note") in favor of the Lender in the amount of $368,400.00. [Doc. 1 at 18, Note]. A security deed securing the Loan was granted by Plaintiff to MERS, as nominee for the Lender.[1]

---

[1] The Georgia Supreme Court described the MERS system as follows:

> MERS, which began operating in 1997, is a private company created by the mortgage banking industry for the purpose of establishing a centralized, electronic system for registering the assignments and sales of residential mortgages, with the goal being the elimination of costly paperwork every time a loan is sold.... Under the MERS system, the borrower and the original lender name MERS as the grantee of any instrument designed to secure the mortgage loan. The security instrument is then recorded in the local land records, and the original lender registers the original loan on MERS's electronic system. Thereafter, all sales or assignments of the mortgage loan are accomplished

2

[Doc. 5-3 at 1, Security Deed].[2]  The Security Deed conveyed to MERS, the grantee, "as nominee for Lender and Lender's successors and assigns ... and to the successors and assigns of MERS," the power of sale to secure repayment of the Note in the event that Plaintiff defaulted on his loan obligations.  [Doc. 5-3 at 3-4].

Attached to the Security Deed – and signed by Plaintiff – were a Planned Unit Development Rider; a Waiver of Borrower's Rights acknowledging the right to accelerate the debt and sell the premises by non-judicial foreclosure upon default; a foreclosure disclosure required by O.C.G.A. Section 7-1-1014(3) informing Plaintiff that if Plaintiff  "fail[s] to meet any condition or term of the documents that you sign

---

electronically under the MERS system.

Taylor, Bean & Whitaker Mortgage Corp. v. Brown, 276 Ga. 848, 848 n.1, 583 S.E.2d 844, 845 n.1 (2003)(internal citations omitted).

[2] The court has taken the parties' exhibits into consideration in reviewing the merits of Defendants' motion to dismiss, without converting the motion to a motion for summary judgment, because in Plaintiff's complaint, Plaintiff refers to the transactions memorialized in the exhibits, the documents are central to Plaintiff's claims, and the authenticity of the documents has not been challenged.  See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997)("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal").  A district court may also take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion.  Serpentfoot v. Rome City Comm'n, 322 F. App'x 801, 807 (11th Cir. 2009)(citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)).

3

in connection with obtaining a mortgage loan[,] you may lose the property that serves as collateral for the mortgage loan through foreclosure"; and a Closing Attorney's Affidavit confirming that the closing attorney informed Plaintiff prior to the time that Plaintiff signed the Security Deed and Waiver of Borrower's Rights that the terms and provisions of the deed to secure debt authorized the sale of the secured Property by non-judicial foreclosure under a power of sale. [Doc. 5-3 at 16-19].

The Security Deed and its attachments were filed and recorded on April 25, 2006 in the property records of the Superior Court of Cobb County, Georgia, at Book 14320, Pages 266-284. [Id. at 1-19]. The Security Deed expressly provided that MERS (and its successors and assigns) had the right to foreclose on and sell the subject Property in the event of a default on the Loan, and to take any action required of the Lender. [Id. at 4].

On December 5, 2008, MERS executed an assignment of the Note and Security Deed to Defendant Bank of America, N.A. [Doc. 5-4 at 1, "Assignment"]. The Assignment was recorded in the property records of Cobb County, Georgia on March 17, 2009, in Deed Book 14674, Page 5721. [Id.].

On January 24, 2011, Plaintiff filed and recorded a document entitled, "Revocation of Power of Attorney" in the Cobb County property records, purportedly

4

attempting to revoke, terminate and rescind the power of attorney contained in his Security Deed. [Doc. 5-5 at 1, "Revocation of Power of Attorney"].

On September 12, 2011, BOA filed an action seeking to invalidate the "Revocation of Power of Attorney" through a judicial proceeding in the Superior Court of Cobb County, Georgia. [See Bank of America, N.A. v. Moise Metellus, Case No. 11-8770-18]. BOA states that Plaintiff responded by filing the instant lawsuit in federal court on or about June 6, 2012. [Doc. 1, Compl.].

Plaintiff's complaint is difficult to decipher and includes a hodgepodge of bald assertions, conclusory allegations, lists of state civil and criminal statutes, and nonsensical legalese. The complaint does not assert any specific causes of action, but rather alleges generally that MERS lacks authority to foreclose because it lacks the capacity to act as a trust or corporate fiduciary in the State of Georgia, thereby rendering void the Security Deed that named MERS as the nominee for the Lender and its successors and assigns. [Compl. at 6-7]. Plaintiff further alleges that MERS violated its duty to fairly exercise the power of sale in violation of Georgia's foreclosure statutes, that Defendants violated the United States Constitution by creating "money out of thin air against Article 1 Section 10 of the United States Constitution at large," and that the Assignment of the Security Deed from PCA to BOA (actually, from MERS to BOA) "dosen't empowers [sic] Bank of America with the right to foreclose." [Compl.

¶¶ 6, 30, 39]. Plaintiff's complaint appears to have been cut and pasted from a number of form complaints (presumably obtained off the internet) previously filed by borrowers against their lenders in this court in order to forestall the foreclosure process.

On July 18, 2012, Defendants filed the instant motion to dismiss. [Doc. 5]. Plaintiff opposes the motion. [Doc. 8]. The motion to dismiss has been briefed and is ripe for consideration.

## II.  LEGAL STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007)(citation omitted); Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950-51 (2009).

In Iqbal, the Supreme Court clarified the pleading standard for civil actions, stating:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

6

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 1949 (internal quotes and citations omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint.  Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2))(other citations omitted).  All reasonable inferences are to be made in favor of the plaintiff.  Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

7

Complaints filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)(citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

## III. <u>DISCUSSION</u>

***Security Deed and Assignment are not Void***

The crux of Plaintiff's complaint appears to be that because MERS, under the terms of the Security Deed, acted as a corporate fiduciary but was not registered with the Georgia Department of Banking and Finance as a fiduciary, MERS violated O.C.G.A. § 7-1-845 (a criminal statute); the Security Deed is therefore an illegal contract void *ab initio*, against Georgia public policy, and MERS correspondingly had nothing to assign to BOA. [Compl. ¶¶ 9-37]. Plaintiff, however, has failed to provide any factual or relevant legal support for his contention. This identical claim has been repeatedly rejected by this Court. <u>See, e.g.</u>, <u>Carr v. U.S. Bank, N.A.</u>, No. 11-cv-821-SCJ-GGB, R&R, Doc. 19 at 12-14, adopted in full on January 17, 2012, Doc. 23 at 4-6 (rejecting plaintiff's argument that MERS's actions as an alleged fiduciary and trustee

8

violated Georgia law); <u>Phillip v. Ducat 2008, LP, and MERS</u>, No. 1:11-cv-2017-ODE-CCH, Doc. 14 at 10-12; Doc. 17 (N.D. Ga. Dec. 13, 2011) (concluding that MERS is not an illegal corporate fiduciary and plaintiff had failed to state a claim).

Plaintiff has also failed to address this claim in any way in his response to Defendants' motion to dismiss. In this district, failure to respond to arguments relating to a claim in the plaintiff's initial response to the motion constitutes abandonment of the claim. <u>See</u> <u>Wilkerson v. Grinnell Corp.</u>, 270 F.3d 1314, 1322 (11th Cir. 2001) (deeming claim abandoned where argument was not presented in initial response to motion for summary judgment); <u>see also</u> <u>White v. Ga. Dep't of Motor Vehicle Safety</u>, No. 1:06-CV-0124-TWT, 2006 WL 1466254, at *1 (N.D. Ga. May 19, 2006) ("[I]t is well-accepted in this district that the failure to respond to arguments relating to a claim constitutes abandonment of the claim.").

For all the reasons stated, Plaintiff has failed to state a plausible claim that the subject Security Deed and Assignment are void because MERS has acted as an unlawful corporate fiduciary. Accordingly, I recommend that Defendants' motion to dismiss this claim be granted.

### *Standing to Foreclose*

It is not clear from the parties' pleadings whether a foreclosure has actually taken place or not. Although it is difficult to discern what specific claims Plaintiff is

9

attempting to assert in his complaint, the majority of Plaintiff's allegations appear to be based on the faulty premise that MERS and/or BOA lack or lacked standing to foreclose because MERS did not have the capacity or authority to assign the Note and/or Security Deed to BOA.

Under Georgia law, "[i]t is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies." LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *3 (N.D. Ga. Jan. 18, 2011)(quoting Gordon v. S. Cent. Farm Credit, ACA, 213 Ga. App. 816, 446 S.E.2d 514, 515 (1994)). In Georgia, a security deed is to be construed in favor of allowing the exercise of the power of sale according to the terms of the deed. See Kennedy v. Gwinnett Commercial Bank, 155 Ga. App. 327, 328, 270 S.E.2d 867, 870 (1980)("It is ... clear that when the grantor of a security deed grants a power of sale[,] he does so not for his ultimate benefit but, rather, for the benefit of the grantee.").

Plaintiff alleges in conclusory fashion and argues that MERS lacked power-of-sale authority under the Security Deed. [Compl. ¶ 8; Doc. 8 ¶¶ 6-7]. However, that argument has been repeatedly rejected by this Court and is foreclosed by the plain language of the deed that Plaintiff granted to MERS, which MERS subsequently assigned to BOA. LaCosta, 2011 WL 166902, at *5; see also Trent v. Mortgage Elec.

10

<u>Registration Sys., Inc.</u>, 288 F. App'x 571, 572 (11th Cir. 2008)("Under the mortgage contracts, [MERS] has the legal right to foreclose on the debtors' property. [MERS] is the mortgagee."). The record shows that Plaintiff expressly granted and conveyed the Property to MERS, and to the successors and assigns of MERS, with power of sale. [Doc. 5-3 at 3]. The Security Deed states that "if necessary to comply with law or custom, MERS ... has the right: to exercise any or all of [the interests granted to MERS by the Borrower], including but not limited to, the right to foreclose and sell the Property...." [<u>Id.</u>]. Plaintiff has not denied that he signed the subject Security Deed or Note. Under the terms of the Security Deed, Plaintiff unequivocally granted MERS (and its successors and assigns) the power to sell the Property in the event Plaintiff failed to comply with the terms of the Note. See <u>LaCosta</u>, 2011 WL 166902, at *3.

Plaintiff has failed to provide sufficient factual or legal support to state a plausible claim that MERS lacked power-of-sale authority under the Security Deed.

***Split the Note from the Deed***

Plaintiff next alleges and argues that because MERS never had a beneficial interest in the Note secured by the Security Deed, the Note and Security Deed became, as a practical matter, "split," rendering both the Note and Security Deed void and MERS's purported assignment of the Note and Security Deed to BOA invalid. This,

11

in turn, allegedly resulted in BOA not being a secured creditor entitled to foreclose on the Property. [Compl. ¶ 34].

Like Plaintiff's previous arguments, variations of this "split the note" argument have also been repeatedly rejected by this Court and are unsupported by Georgia law. See, e.g., Brown v. Federal Nat'l Mortgage Ass'n, No. 1:10-cv-03289-TWT-GGB, 2011 WL 1134716, at *6 (N.D. Ga. Feb. 28, 2011), adopted by 2011 WL 1136275, at *1 (N.D. Ga. Mar. 25, 2011); Nicholson v. OneWest Bank, No. 1:10-CV-0795-JEC/AJB, 2010 WL 2732325, at *4, adopted by 2010 WL 2732329, at *1 (N.D. Ga. June 7, 2010) (citations omitted)(holding that MERS, as nominee, "has the ability to foreclose on a debtor's property even if such nominee does not have a beneficial interest in the note secured by the mortgage," and that MERS, as nominee, was properly granted the authority to make assignments and institute foreclosure proceedings). See also LaCosta, 2011 WL 166902, at *5.

In LaCosta, the plaintiff argued that because the note and mortgage had been "split," any assignment of the security deed from MERS to BAC Home Loan Servicing was a nullity. Id. The district court, relying on Nicholson, rejected the plaintiff's argument, and also found that the plaintiff's argument was foreclosed by the plain language of the security deed, which is nearly identical to the language at issue here. Id. at *5-6. See also Warque v. Taylor, Bean & Whitaker Mortgage Corp.,

12

No. 1:09-cv-01906-ODE-CCH [Doc. 23 at 12-13] (N.D. Ga. July 30, 2010), adopted in its entirety by [Doc. 26] (N.D. Ga. Aug. 18, 2010)(concluding that MERS, as nominee or agent of the lender under the security deed, was given the limited right to foreclose on the debtor's property even if MERS did not have a beneficial interest in the note secured by the mortgage); Jackman v. Hasty, No. 1:10-cv-2485-RWS, 2011 WL 854878, at *4 (N.D. Ga. Mar. 8, 2011)("Plaintiff has failed to draw the Court's attention to any Georgia statute or decision interpreting Georgia law that precludes the holder of the security deed from proceeding with a foreclosure sale simply because it does not also possess the promissory note."); In re Corley, 447 B.R. 375, 381-83 (Bankr. S.D. Ga. 2011) (concluding that while the note was executed in favor of the originating lender and the security deed named MERS as grantee, the subject security deed was a fully-secured, first-priority deed to secure debt at the time the note was executed and, under Georgia law, "there is no separation of the Note and Security Deed as a matter of law resulting from the transfer of the Security Deed.").

In a recent case, this Court concluded that while separation of the note and security deed may create a question of what entity would have the authority to foreclose, it "does not render either instrument void." Morgan v. Ocwen Loan Servicing, LLC, No. 1:10-cv-3555-AT, 2011 WL 2650194, at *4 (N.D. Ga. July 7, 2011)(citation omitted).

AO 72A
(Rev.8/82)

The Security Deed at issue in the present case discloses no intent on the part of Plaintiff to restrict MERS or its assigns from selling the Property if the note and deed were not in the possession of the same entity. LaCosta, 2011 WL 166902, at *6; id. at *4 ("This Court does not read Sammons to require that an entity or individual in possession of the security deed, must also possess the note before bringing a foreclosure action"). In fact, the Security Deed expressly contemplates the transfer of the Note without limitation on MERS's rights and powers to enforce it. [Doc. 1-2 at 11, ¶ 20]. The Security Deed provides that the grantee retains the lender's right of enforcement, whoever the noteholder may be at any given moment.[3] In re Corley, 447 B.R. at 383. Thus, there is no split of the Note and Security Deed as a matter of contract by any transfer of the Note, because the Security Deed expressly contemplates that the Note may be transferred from the original Lender, and that MERS's role as nominee for the Lender extends to each successive assignee. Id.

---

[3] Paragraph 20 of the Security Deed states, in pertinent part, the following: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. ... If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser." [Doc. 5-3 at 10 ¶ 20].

14

In any event, here, the Assignment filed and recorded in the Superior Court of Cobb County indicates that prior to the institution of foreclosure proceedings, MERS conveyed to BOA all of its interests in both the Note and Security Deed to the Property, "together with all the powers, options, privileges and immunities therein," including the right to foreclose and sell the Property. [Doc. 5-4]. The Georgia foreclosure statute requires only that the security deed or assignment of the security deed be filed prior to the time of the foreclosure sale. O.C.G.A. § 44-14-162(b). Pursuant to O.C.G.A. § 44-14-64, a transfer of a Security Deed "shall be sufficient to transfer the property therein described and the indebtedness therein secured, whether the indebtedness is evidenced by a note or other instrument." Id. It is undisputed that the Assignment was filed well before foreclosure proceedings were ever initiated.

Pursuant to O.C.G.A. § 44-14-64, MERS's Assignment of the Security Deed (and "the note secured by the aforesaid Security Deed") [Doc. 5-4 at 1] was sufficient to assign both the secured interest in the Property and the underlying Loan evidenced by the promissory Note. Other than challenging MERS's legal capacity and authority to assign the Security Deed, Plaintiff has not challenged or disputed the authenticity of the Assignment document with respect to the assignment of the Security Deed. Nor has Plaintiff contested his failure to comply with the terms of the Note. For all the reasons

15

stated, Plaintiff's "split the note" allegations and argument are without legal or factual basis, and are therefore subject to dismissal.

**MERS as Nominee**

Plaintiff next alleges that Georgia does not recognize the term "nominee" in real estate transactions, but even if it did, Plaintiff asserts (again) that the Security Deed is void *ab initio* as against public policy since, in reality, MERS was acting unlawfully as an unlicensed corporate fiduciary rather than a nominee. [Compl. ¶¶ 10-25]. These allegations fail to state a plausible claim. The Court notes that the security deeds in Nicholson and Warque contained nearly identical language to the Security Deed at issue here, and the security deeds in the cited cases (granting MERS and its successors and assigns the authority to foreclose) were deemed valid and enforceable. See Nicholson, 2010 WL 2732325, at *4; Warque, No. 1:09-cv-1906-ODE-CCH. The same is true here. Plaintiff has failed to address the relevant case law cited by Defendants anywhere in his brief in opposition, or to point to any contrary binding authority directly supporting his position. Thus, Plaintiff's arguments that MERS is a fiduciary, rather than a nominee, or that its status as a nominee somehow renders it or its assignee without authority to foreclose on the Property are without sufficient factual or legal basis to support his claim. The claim, therefore, is due to be dismissed.

**Wrongful Foreclosure**

16

Plaintiff's complaint contains multiple conclusory allegations of wrongful foreclosure. To state a viable claim for wrongful foreclosure under Georgia law, a plaintiff must allege a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages. Heritage Creek Dev. v. Colonial Bank, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004). Plaintiff's complaint contains no such allegations. The Eleventh Circuit has held that dismissal of a wrongful foreclosure claim is warranted where the plaintiff has failed to state that any defendant had "violat[ed] ... the [Georgia foreclosure] statute[, which] is necessary to [establish] a wrongful foreclosure" under Georgia law. Kennedy v. United States, 478 F. App'x 584 (11th Cir. 2012) (citing McCarter v. Bankers Trust Co., 247 Ga. App. 129, 543 S.E.2d 755, 758 (2000)). Under Georgia law, a foreclosure is deemed to be wrongful only when it violates the Georgia foreclosure statute. Id.

Plaintiff's complaint repeatedly alleges that the "Defendant" violated numerous Georgia statutes "with unlawful foreclosure and eviction proceedings," but nowhere in Plaintiff's complaint does Plaintiff allege what specific part of the Georgia foreclosure statute was violated by any specific defendant, how the statute was violated, or when. [See, e.g., Compl. at 4-5 (¶¶ 1-3, 5), ¶¶ 34-37]. Plaintiff also generally alleges that "the Defendant's" notice of foreclosure failed to meet the statutory requirements. [Compl.

17

at 4-5].  The complaint, however, does not specifically identify how the notice failed to meet those requirements.

Plaintiff's conclusory allegations are without sufficient factual or legal basis to support his claim.  Under <u>Iqbal</u>, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Plaintiff has failed to allege sufficient facts from which the Court may infer that MERS's or BOA's alleged failure to provide proper notice constituted a breach of the duty to fairly exercise the power of sale created by O.C.G.A. § 23-2-114.  Plaintiff has also failed to show a causal connection between the alleged deficient notice or lack of notice and any alleged injury.

In light of the public record documents provided by the parties and Defendants' unchallenged arguments regarding the legal effect of the documents, the Court finds that Plaintiff's allegations regarding MERS's and/or BOA's interests in the subject Property are unsupported legal conclusions or naked assertions devoid of factual enhancement, and thus are not properly accepted as true for purposes of this motion to dismiss.

Plaintiff has failed to state a valid or plausible claim for wrongful foreclosure. Accordingly, I recommend that Defendants' motion to dismiss Plaintiff's wrongful foreclosure claim be granted.

***Miscellaneous Allegations***

18

To the extent that Plaintiff's complaint makes passing references to alleged violations of other civil and criminal statutes and laws (including, but not limited to the Truth in Lending Act ["TILA"], Regulation Z, the Fair Debt Collection Practices Act ["FDCPA"], state law banking and trust statutes, criminal code sections, and fraud), the allegations are without sufficient factual or legal support, and should be dismissed for failure to satisfy the rudimentary pleading requirements of Rule 8(a) and, with respect to Plaintiff's fraud allegations, the heightened pleading requirements of Fed. R. Civ. P. 9(b).

### *Revocation of Power of Attorney*

Finally, with regard to Plaintiff's attempted "Revocation of Power of Attorney" that he filed in 2011 in an apparent attempt to forestall the foreclosure process, Plaintiff has cited no legal authority to support his claim that he had a unilateral right to cancel Defendants' security interest in the Property.

Georgia's procedure for cancelling security interests is laid out in O.C.G.A. § 44-14-3, which requires a creditor to direct the clerk of court to cancel the security interest within 60 days of the debt being paid in full and to send the debtor the cancellation document. Liggion v. Branch Banking and Trust, No. 1:11-cv-01133-WSD, 2011 WL 3759832, at *4 (N.D. Ga. Aug. 24, 2011). Plaintiff apparently contends that his unilateral "Revocation of Power of Attorney" and "Notice of Removal" [Doc. 5-5 at 1-

3] (the "Notices") cancelled Defendants' security interest in the Property, even though the Loan has not been paid in full. Despite having not followed the statutory procedure or presented any authority that would allow him to cancel Defendants' security interest unilaterally, Plaintiff implies that the Assignment is void because the Defendants no longer had valid and legal rights under the Security Deed after he recorded the Notices. To the extent Plaintiff seeks to raise such a claim, his allegations are without legal basis and are contrary to Georgia law. See id. at *5 (citing Taylor, Bean & Whitaker Mortgage v. Brown, 276 Ga. 848, 850, 583 S.E.2d 844, 846 (2003) ("[T]his Court has held that a plaintiff may not use equity to obtain the cancellation of a security deed or promissory note if the plaintiff has not paid the note or tendered payment of the note.")).

## IV. **CONCLUSION**

For the reasons stated above, Plaintiff has failed to state a plausible claim on which relief may be granted. Accordingly, I **RECOMMEND** that Defendants' motion to dismiss [Doc. 5] Plaintiff's complaint, pursuant to Rule 12(b)(6), be **GRANTED** in its entirety.

**IT IS SO RECOMMENDED**, this 2nd day of November, 2012.


_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

20

AO 72A
(Rev.8/82)