IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MOISE METELLUS, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. |
| | : 1:12-CV-1947-CC-GGB |
| BANK OF AMERICA, N.A., and MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., | : |
| Defendants. | : |

**OPINION AND ORDER**

This wrongful foreclosure action is before the Court on the Final Report and Recommendation (hereinafter the "R&R") [Doc. No. 10] issued by Magistrate Judge Gerrilyn G. Brill on November 2, 2012, recommending that Defendants Bank of America N.A.'s and Mortgage Electronic Registration System, Inc.'s Motion to Dismiss Plaintiff's Complaint (hereinafter the "Motion to Dismiss") [Doc. No. 5] be granted in its entirety. The record reflects that Plaintiff Moise Metellus (hereinafter "Plaintiff") filed objections to the R&R on December 7, 2012. (See Doc. No. 16.) Plaintiff also filed a Motion for Leave to Amend [Doc. No. 12], which the parties have briefed fully. For the reasons stated herein, the Court **ADOPTS** the R&R and **DENIES** Plaintiff's Motion for Leave to Amend.[1]

**I.    BACKGROUND**

Magistrate Judge Brill extensively set forth the facts underlying this action and the relevant procedural background in the R&R. The undersigned's review of the record in this matter informs that the facts set forth in the R&R are not plainly erroneous. As such, in analyzing the legal issues raised by Plaintiff's objections and

---

[1]    Plaintiff also filed a "Motion to Strike Motion to Dismiss" [Doc. No. 8], which the Magistrate construed and the undersigned construes as a response in opposition to the Motion to Dismiss.

Plaintiff's Motion for Leave to Amend, the Court relies on the facts found by the Magistrate and finds it unnecessary to repeat those facts in this Order.

## II.     OBJECTIONS TO REPORT AND RECOMMENDATION

After reviewing a magistrate judge's findings and recommendations, a district judge may accept, reject, or modify the findings or recommendations. 28 U.S.C. § 636(b)(1). A party challenging a report and recommendation must "file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (citation and internal quotation marks omitted); see also Fed. R. Civ. P. 72(b)(2). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." Id. "Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). Those portions of a report and recommendation to which an objection has not been made are reviewed for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

The majority of Plaintiff's objections are frivolous or general objections that the Court need not consider. Plaintiff uses 6 of his 24 pages of his objections to highlight criticism of rulings by Magistrate Judge Brill in other cases. However, none of these rulings relates specifically to any issue in the Magistrate's R&R in this case, and Plaintiff's general expressions of frustration with the Magistrate's alleged lack of objectivity do not direct the Court to any specific instances of alleged error in this case. Plaintiff also generally complains that Magistrate Judge Brill failed to employ the correct standard of review in evaluating a Rule 12(b)(6) motion to dismiss, and Plaintiff then goes on to discuss on multiple pages the standard of

review that should apply. This general objection is without merit.

With respect to the few portions of the R&R to which Plaintiff arguably raises specific objections, Plaintiff largely makes arguments in his objections similar to those he made in his briefing in opposition to the Motion to Dismiss. The Magistrate employed the correct standard of review and adequately addressed in the R&R all of the arguments previously raised by Plaintiff concerning Mortgage Electronic Registration Systems, Inc. and its ability to effect an assignment of the Security Deed executed by Plaintiff and the underlying indebtedness associated therewith. Plaintiff does raise the issue that the Magistrate should have provided him an opportunity to amend his Complaint before recommending that the Complaint be dismissed with prejudice, and the Court agrees that the Magistrate should have but did not consider whether allowing Plaintiff leave to amend would be futile. See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (explaining that a district court should sua sponte give a pro se plaintiff an opportunity to amend his complaint unless such an amendment would be futile). Nevertheless, as further explained below, the undersigned finds that an amendment would be futile. Accordingly, while the Magistrate should have at least considered whether granting leave to amend was warranted, her failure to do so is harmless in this instance and does not justify rejecting the R&R. In sum, having conducted a de novo review of all portions of the R&R to which Plaintiff raised specific objections and having thoroughly reviewed the entire record in this matter, the Court finds that Magistrate Judge Brill's R&R is correct both in fact and in law and that Plaintiff's objections are due to be overruled.

### III. MOTION FOR LEAVE TO AMEND

Plaintiff moves the Court for leave to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Plaintiff appears to seek leave to assert a claim against Defendant Bank of America N.A. ("BANA") for violation of a consent judgment entered into by BANA on April 4, 2012, to settle a case brought against

BANA and other defendant banks by the United States of America and 49 state attorneys general. Plaintiff alleges that BANA, in attempting to take away his home, has continued to engage in unethical and illegal servicing and debt collection practices, which violate the consent judgment. Plaintiff also seeks leave to add McCalla Raymer, LLC, Troy Crouse, and Thomas Searsin as defendants and assert a fraud claim against them relating to their alleged assignment of the security deed and note to Plaintiff's property.

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course within 21 days after serving the pleading or within 21 days after service of a required responsive pleading. Fed. R. Civ. P. 15(a)(1). After the time for amending the complaint as a matter of course has elapsed, amendments are allowed only with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Further, the Supreme Court has stated that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). In the absence of a substantial reason to deny a motion for leave to amend a complaint -- "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" -- leave to amend should be given. Id.

In the instant case, granting Plaintiff leave to amend would be futile. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citation omitted). Here, Plaintiff seeks to pursue a claim against BANA based on BANA's alleged violations of the above-mentioned consent judgment, but courts that have

considered the issue of a mortgagor's standing to enforce this consent judgment or to bring a claim for breach of the consent judgment have held that a mortgagor like Plaintiff, as a non-party to the consent judgment, has no such standing. See <u>Johnson v. Wells Fargo Bank, N.A.</u>, No. 13–cv–10146, 2013 WL 823369, at *3 (E.D. Mich. Mar. 6, 2013); <u>Reynolds v. Bank of America, N.A.</u>, No. 3:12–CV–1420–L, 2013 WL 796730, at *10 (N.D. Tex. Mar. 5, 2013). Even if Plaintiff did possess standing to bring a claim based on the consent judgment, Plaintiff has failed to offer any specifics concerning how he believes BANA violated the consent judgment with respect to his mortgage loan.

Plaintiff also has failed to state on what facts he would rely to support a fraud claim against either McCalla Raymer, LLC, Troy Crouse, or Thomas Searsin. Given that fraud claims must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b), Plaintiff's failure to identify any facts that could plausibly support a fraud claim against the proposed new defendants is fatal to his request for leave to amend his complaint. See <u>United States ex rel. Atkins v. McInteer</u>, 470 F.3d 1350, 1362 (11th Cir. 2006) (affirming district court's denial of request for leave to file amended complaint where "the plaintiff failed to attach the proposed amendment or set forth the substance of the proposed amendment").

## IV. CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Magistrate's R&R [Doc. No. 10] in its entirety and **OVERRULES** Plaintiff's objections. The Court hereby **GRANTS** Defendants Bank of America N.A.'s and Mortgage Electronic Registration System, Inc.'s Motion to Dismiss Plaintiff's Complaint [Doc. No. 5], **DENIES** Plaintiff's Motion to Strike Motion to Dismiss [Doc. No. 8], and **DENIES** Plaintiff's Motion for Leave to Amend [Doc. No. 12].

**(SIGNATURE ON FOLLOWING PAGE)**

SO ORDERED this 19th day of March, 2013.

*s/  CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE